# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| LUCIENNE BREWER, TIMOTHY MCPHERSON, and TOM GEBKA individually and on behalf of all other persons similarly situated, <br><br> *Plaintiffs*, <br><br> VS. <br><br> CONSUMERS UNITED, INC. d/b/a GOJI, <br><br> *Defendant*, <br><br> VS. <br><br> UE AUTHORITY, CO., formerly known as UNDERGROUND ELEPHANT, INC. | § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO <br><br> 5:18-cv-572 (XR) |

## DEFENDANT CONSUMERS UNITED, INC.'S THIRD-PARTY COMPLAINT

The defendant and third-party plaintiff, CONSUMERS UNITED, INC. d/b/a GOJI ("Goji"), by their attorneys, WOOD, SMITH, HENNING & BERMAN, LLP, complaining of third-party defendant, UE AUTHORITY, CO., formerly known as UNDERGROUND ELEPHANT, INC., respectfully allege, upon information and belief, the following:

## PARTIES

1. Upon information and belief, at all times hereinafter mentioned, the plaintiff, LUCIENNE BREWER was and is a resident of New Braunfels, Texas.

2. Upon information and belief, at all times hereinafter mentioned, the plaintiff TIMOTHY MCPHERSON was and is a resident of Mt. Pleasant, Texas.

3. Upon information and belief, at all times hereinafter mentioned, the plaintiff TOM GEBKA was and is a resident of Hendersonville, Tennessee.

1

4. Defendant and third-party plaintiff, Goji, was and is a corporation organized and existing under the laws of the State of Delaware.

5. Upon information and belief, at all times hereinafter mentioned, the third-party defendant, UE AUTHORITY, CO., formerly known as UNDERGROUND ELEPHANT, INC. (hereinafter referred to as "UE" or "third-party defendant"), was and is a corporation organized and existing under the laws of the State of California with a principal place of business located at 808 J Street, San Diego, California 92101.

6. Plaintiffs' Second Amended Complaint further alleged the involvement of certain identified persons that included "[Goji's] employees/agents that had direct, personal participation in or personally authorized the conduct found to have violated the statute and were not merely tangentially involved." No such individuals have been identified.

## JURISDICTION & VENUE

7. Plaintiffs have alleged that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the matter allegedly involves a federal question.

8. This Court has general personal jurisdiction over third-party defendant because it conducts significant business in this State in a continuous and systemic manner, and the unlawful conduct alleged in this Third-Party Complaint occurred in, was directed to, and/or emanated from this State.

9. This Court has specific personal jurisdiction over third-party defendant because it purposefully directed its activities toward this State or purposefully availed itself of the privileges of conducting activities there, Goji's cause of action arises out of or results from the third-party defendant's forum-related contacts, and the exercise of personal jurisdiction is fair and reasonable.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

## PROCEDURAL HISTORY

11. Goji repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "10," *supra*, with the same force and effect as if set forth fully herein.

12. Plaintiffs allege via their Second Amended Complaint that they sustained damages for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). (ECF Doc. No. 14)

13. Plaintiffs allege that Goji purchased "leads" containing consumers' contact information and created an electronic database from which Goji made automated calls. (ECF Doc. No. 14 at ¶27)

14. Plaintiffs allege that Goji "placed phone calls to consumers who never provided consent to call, and to consumers having no relationship with [Goji]." (ECF Doc. No. 14 at ¶28)

15. With regard to the individual plaintiffs, it was alleged that each plaintiff registered their respective cellular phone numbers with the National Do Not Call Registry on or about June 4, 2008 (plaintiff BREWER), December 8, 2009 (plaintiff MCPHERSON), and August 31, 2005 (plaintiff GEBKA). (ECF Doc. No. 14 at ¶¶30, 43, 55)

16. Plaintiffs allege that they began receiving calls and/or text messages on their respective cellular phones beginning in the fall of 2016 (plaintiff BREWER), January of 2016 (plaintiff MCPHERSON), and September 2018 (plaintiff GEBKA). (ECF Doc. No. 14 at ¶¶32, 45, 57)

17. Plaintiffs allege that they never provided Goji with prior consent to contact them on their phone via a text message or telephone call. (ECF Doc. No. 14 at ¶¶34, 47, 59)

18. Plaintiffs further allege that they had "reason to believe" Goji contacted thousands of customers listed on the Do Not Call Registry. (ECF Doc. No. 14 at ¶¶39, 51, 63)

19. Based on the foregoing, plaintiffs allege that Goji violated 47 C.F.R. § 64.1200(c) "by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiffs and the DNC Class members." (ECF Doc. No. 14 at ¶101)

20. Plaintiffs further allege that Goji violated 47 U.S.C. § 227(c)(5) as the "Plaintiffs and the DNC Class members received more than one telephone call in a 12-month period made by or on behalf of [Goji] in violation of 47 C.F.R. § 64.1200." (ECF Doc. No. 14 at ¶104)

21. Plaintiffs have asserted damages for said violations pursuant to 47 U.S.C. § 227(c) in the amount of $500 for such violations of 47 C.F.R. § 64.1200. (ECF Doc. No. 14 at ¶104)

## FACTUAL BACKGROUND

Relationship Between Third-Party Plaintiff and Third-Party Defendant

22. On or about March 29, 2012, Goji entered into a Marketing Services Agreement with third-party defendant (hereinafter referred to as the "Agreement").

23. The Agreement provided that Underground would implement an advertising program for Consumers United, Inc., consisting of the following service:

**Leads:**

Underground Elephant will generate information about individuals that have an interest in Client's product(s) or service(s) (a "Prospect"). Underground Elephant will generate Prospect information using its proprietary technologies and practices including search engine marketing, display and social media advertising programs and other lead generation strategies involving content placed on Underground Elephant themed

4

destination sites and other online assets. Underground Elephant reserves the right to update and/or change its strategy used to generate Prospect information at any time during the Term of the Agreement. The Prospect information to be provided by Underground Elephant to Client such as name, address, email address, etc. ("Required Fields") shall be mutually agreed upon by Client and Underground Elephant at the beginning of the Term of this Agreement and may be changed from time to time as provided for in the Agreement. A "Lead" is defined as an electronic Underground Elephant created form containing ("Required Fields") completed by an individual (a "Customer") that is requesting information about Client's product(s) or service(s). Underground Elephant will send Client the data elements from a Lead in digital form.

24. On or about August 28, 2013, Goji entered into an Addendum modifying the terms of the Agreement (hereinafter referred to as the "Addendum").

25. The Addendum provides, in pertinent part, as follows:

    1.1    <u>Compliance with Law</u>. Each Party will comply with all applicable federal, state and local statutes, laws, regulations, rules, judgments, orders, and decrees applicable to it, including without limitation, the CAN-SPAM Act of 2003 and all other applicable anti-spam legislation issued by the relevant state or federal government. Without limitation of the foregoing, Provider hereby agrees to comply with all orders, regulations, decrees, and other requirements (collectively, "<u>Orders</u>") of the Federal Trade Communication [sic] ("<u>FTC</u>") and the Federal Communication [sic] Commission ("<u>FCC</u>") with respect to the solicitation of consents from the general public for receipt of sales telephone calls and/or email communication on the residential phone numbers, wireless phone numbers, and email address of prospective consumers.

    1.2    <u>Consent Compliance</u>. Provider represents, warrants, and covenants that all leads sold to Customer under this Agreement shall comply and will be compliant fully with all FTC Orders and/or FCC Orders as of the date the Lead was sold to Customer and, in the event that new FTC Orders and/or FCC Orders are due to come into effect, for a period of no less than ninety (90) days from the day such Lead was sold to Customer. Without limiting the foregoing, Provider further represents, warrants, and covenants that Provider has received prior written consent for all leads sold to Customer under this Agreement that authorize Customer to make autodialed, prerecorded, robodialed or similar telemarketing calls to the wireless phone number and the residential phone number identified (and similar email correspondence) in the Lead sufficient to meet the requirements of relevant FTC Orders and/or FCC Orders.

\*\*\*

    3.1    <u>Consent Indemnification</u>. Provider agrees to indemnify, defend and hold harmless Customer and Customer's directors, officers, shareholders, employees, agents and affiliates ("<u>Representatives</u>") from and against any and all third party actions

5

(including by governmental and regulatory authorities), claims, liabilities, damages, losses and expenses (collectively, "Claims"), arising out of or related to the acts, errors or omissions of Provider or any of Provider's Representatives or any third party acting on behalf or any of the foregoing, in connection with a breach of the representations, warranties, and covenants set forth in Section 1 of this Addendum.

26.   Pursuant to the Addendum, third-party defendant was required to maintain liability insurance for no less than $1,000,000 in the aggregate for coverage on any claims as would be grounds for an indemnification obligation pursuant to Section 3 of the Addendum.

Leads Provided by Third-Party Defendant

27.   On or prior to the dates upon which the plaintiffs allege they were contacted by Goji, third-party defendant provided Goji with "Leads" pursuant to Section 1 of the Agreement containing the plaintiffs' information.

28.   At and prior to the time that the Leads were provided to Goji, third-party defendant represented that such Leads provided written consent of the plaintiffs so as to authorize Goji to make autodialed, prerecorded, robodialed or similar telemarketing calls to the plaintiffs' wireless phone numbers and any residential phone number identified in the Lead sufficient to meet the requirements of relevant FTC Orders and/or FCC Orders.

29.   Without admitting the truth of the allegations, plaintiffs allege that the Leads provided by third-party defendant did not provide written consent so as to authorize Goji to make autodialed, prerecorded, robodialed or similar telemarketing calls to the plaintiffs' wireless phone numbers or residential phone number as plaintiffs assert that they never provided written consent for such calls.

Telemarketing Calls to Plaintiffs

30. Without admitting the truth of the allegations, plaintiffs allege that on dates not specifically set forth in the Second Amended Complaint, plaintiffs were called by Goji for the purpose of soliciting business from said plaintiffs.

31. Upon information and belief, such telemarketing calls, if made by Goji, were made based upon the representations, warranties, and covenants of third-party defendant that plaintiffs had given express written consent in compliance with the applicable laws for such contact to be made.

32. Upon information and belief, Goji would not have contacted the plaintiffs without having received Leads for each plaintiff from third-party defendant indicating that such plaintiffs consented to such contact.

## FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(FAILURE TO PROVIDE COMPLIANT LEADS)

33. Goji repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "32," *supra*, with the same force and effect as if set forth fully herein.

34. At all relevant times, there existed a valid and enforceable contract between Goji and third-party defendant, referred to herein as the Agreement and the Addendum.

35. Pursuant to the terms of the Agreement, third-party defendant was under a contractual obligation to provide Leads to Goji that complied with the terms and requirements of the Agreement and the Addendum.

36. Upon information and belief, at or prior to the time which Goji allegedly contacted the plaintiffs, third-party defendant provided Goji with Leads containing the plaintiffs'

information and represented to Goji that such Leads were completed by plaintiffs indicating that plaintiffs were requesting information about Goji's product(s) or service(s) pursuant to Section 1 of the Agreement.

37. Upon information and belief, pursuant to the terms of the Agreement and the Addendum, third-party defendant was under a contractual obligation to comply with applicable laws and ensure that all Leads, including those consisting of plaintiffs' information, provided for the proper consents to authorize Goji to make autodialed, prerecorded, robodialed or similar telemarketing calls to the plaintiffs' wireless phone numbers or residential phone numbers.

38. Upon information and belief, if plaintiffs' allegations as alleged regarding consent are true, then third-party defendant failed to provide compliant Leads pursuant to the terms of the Agreement and Addendum.

39. Such failure to provide compliant Leads constitutes a breach of the contractual terms of the Agreement and the Addendum.

40. Upon information and belief, third-party defendant's failure to provide compliant Leads in breach of the Agreement and the Addendum is the sole cause of the plaintiffs' alleged damages as plaintiffs would not have incurred the damages complained of within the Second Amended Complaint if the Leads complied with the consent requirements as set forth within the Agreement and the Addendum.

41. That by reason of the foregoing, if plaintiffs recover damages, a verdict, or judgment against defendant and third-party plaintiff, then defendant and third-party plaintiff will be damaged in such amount as determined at the time of assessment of damages, rendering of verdict, or entering of judgment as a direct cause of third-party defendant's breach of the Agreement and the Addendum.

42. That by reason of the foregoing, if plaintiffs recover damages, a verdict, or judgment against defendant and third-party plaintiff, then defendant and third-party plaintiff will be entitled to a like verdict or judgment against the third-party defendant and notwithstanding whether any such verdict or judgment shall be recovered against defendant and third-party plaintiff, said defendant and third-party plaintiff will be entitled to recover from the third-party defendant the costs of defending the action herein, including but not limited to all costs, disbursements, fees, and attorneys' fees.

## SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
(FAILURE TO PROVIDE INDEMNIFICATION)

43. Goji repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "42," *supra*, with the same force and effect as if set forth fully herein.

44. Pursuant to Section 1.2 of the Addendum, third-party defendant represented, warranted, and covenanted that third-party defendant "has received prior written consent for all Leads sold to [Goji] … that authorize [Goji] to make autodialed, prerecorded, robodialed or similar telemarketing calls to the wireless phone number and the residential phone number identified."

45. Pursuant to the terms of Section 4.2 of the Addendum, third-party defendant expressly agreed to "indemnify, defend and hold harmless" Goji from and against any and all third-party actions, claims, liabilities, damages, losses and expenses, arising out of or related to the acts, errors or omissions of third-party defendant in connection with a breach of the representations, warranties, and covenants set forth in Section 1 of the Addendum, including but not limited to Section 1.2.

46. Without admitting the allegations of the Complaint, if plaintiffs' allegations are true, then third-party defendant failed to comply with the terms of the Agreement and Addendum, including but not limited to Section 1.2 therein.

47. Pursuant to the aforementioned Agreement and Addendum, third-party defendant is obligated to defend, indemnify, and hold harmless Goji from all claims arising out of or related to third-party defendant's breach of the representations, warranties, and covenants set forth in Section 1 of the Addendum.

48. As of the date of this filing, third-party defendant has failed to provide for the defense and indemnification for Goji in relation to the claims asserted by plaintiffs that are alleged to arise from third-party defendant's failure to comply with the representations and warranties made within Section 1 of the Addendum.

49. Third-party defendant's failure to provide for the defense and indemnification of Goji in this action constitutes a breach.

50. That by reason of the foregoing, if plaintiffs recover damages, a verdict, or judgment against defendant and third-party plaintiff, then defendant and third-party plaintiff will be damaged in such amount as determined at the time of assessment of damages, rendering of verdict, or entering of judgment as a direct cause of third-party defendant's breach of the Agreement and the Addendum for failure to provide defense and indemnification.

51. That by reason of the foregoing, if plaintiffs recover damages, a verdict, or judgment against defendant and third-party plaintiff, then defendant and third-party plaintiff will be entitled to a like verdict or judgment against the third-party defendant and notwithstanding whether any such verdict or judgment shall be recovered against defendant and third-party plaintiff, said defendant and third-party plaintiff will be entitled to recover from the third-party

defendant the costs of defending the action herein, including but not limited to all costs, disbursements, fees, and attorneys' fees.

### THIRD CAUSE OF ACTION
COMMON-LAW INDEMNIFICATION

52. Goji repeats, reiterates, and realleges each and every allegation in paragraphs "1" through "51," *supra*, with the same force and effect as if set forth fully herein.

53. The incidents complained of by plaintiffs, if they in fact occurred, were caused by, arose out of, resulted from, and/or in connection with third-party defendant's duties owed to Goji pursuant to contract and/or common law.

54. Without admitting the truth thereof, third-party defendant is respectfully referred to the Complaint of the plaintiffs available on the electronic docket at ECF Document number 14. In the event that plaintiffs sustained the damages complained of, it will be claimed by Goji that such damages were caused by or contributed to by the negligence and carelessness of third-party defendant.

55. Third-party defendant, their agents, servants, and/or employees were solely, primarily, and actively negligent, as heretofore set forth.

56. Third-party defendant is obligated to comply with applicable laws, rules, regulations, both federal and state, including those set forth by the United States Legislatures, the Federal Trade Commission ("FTC") and the Federal Communications Commission ("FCC").

57. Third-party defendant's failure to comply with applicable laws, rules, and regulations, or enticing through misrepresentations or causing others to fail to comply with such applicable laws, rules, or regulations, constitutes negligence.

58. Third-party defendant is liable for its own acts and/or omissions constituting negligence or breach of contract.

59. Upon information and belief, third-party defendant failed to comply with all applicable laws, rules, and regulations, as well as the contractual agreements between Goji and third-party defendant, constituting a breach of its duties owed to Goji.

60. Upon information and belief, plaintiffs and/or defendant and third-party plaintiff are and/or will be damaged as a direct result of third-party defendant's breach of its duties owed to Goji.

61. That by reason of the foregoing, if plaintiffs recover damages, a verdict, or judgment against defendant and third-party plaintiff, then defendant and third-party plaintiff will be entitled to a like verdict or judgment for common law indemnification and contribution against the third-party defendant, and notwithstanding whether any such verdict or judgment shall be recovered against defendant and third-party plaintiff, said defendant and third-party plaintiff will be entitled to recover from the third-party defendant the costs of defending the action herein, including but not limited to all costs, disbursements, fees, and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, defendant and third-party plaintiff, CONSUMERS UNITED, INC. d/b/a GOJI, demands judgment against third-party defendant, UE AUTHORITY, CO., formerly known as UNDERGROUND ELEPHANT, INC., for breach of contract and contractual indemnification for failure to comply with the terms of the applicable Agreement and Addendum, together with interest, costs, and attorneys' fees incurred in defending against plaintiffs' action and in bringing this third-party action. Furthermore, defendant and third-party

plaintiff demands judgment against third-party defendant, UE AUTHORITY, CO., formerly known as UNDERGROUND ELEPHANT, INC., for common law indemnification and/or for the full amount of its pro-rata share of the entire liability, together with interest and costs incurred in defending against plaintiffs' action and bringing the third-party action.

Dated:  December 3, 2018                                   Respectfully submitted,

                                                           **WOOD SMITH HENNING & BERMAN, LLP**


                                                       By:  */s/ Justin P. England*
                                                            **Justin P. England**
                                                            Attorney-in-Charge
                                                            State Bar No. 24063955
                                                            jengland@wshblaw.com
                                                            901 Main Street, Suite 3670
                                                            Dallas, Texas  75202
                                                            Tel:   (469) 210-2054
                                                            Fax:   (469) 210-2051
                                                            **ATTORNEYS FOR DEFENDANT**
                                                            **CONSUMERS UNITED, INC. d/b/a GOJI**